221 So.2d 693

James Curtis SENN

v.

STATE.

4 Div. 668.

Court of Appeals of Alabama.

April 8, 1969.

policeman. The officer was directing traffic on the Troy Streets at the time he was killed.

■ Appellant urges as error the overruling of an objection to the admission in evidence of defendant's statement to Police Officer Dykes. Officer Dykes testified he was in a police car which was stopped at the intersection of Charold and South Brundidge streets when he heard the impact and saw that someone had been hit. He radioed for an ambulance and went directly to the site of the impact. Immediately after the accident, as soon as he could walk from where he had parked his automobile, the defendant appeared at the scene and said: "I hit him; I killed him; I know he will not make it." The defendant was visibly upset and unable to converse coherently. The witness stated that he did not actually see the impact and did not see defendant until he was getting out of his car after he stopped. The defendant was not under arrest and no one asked him any questions or offered him any hope of reward or threatened him to get him to make a statement.

The officer's testimony shows that defendant volunteered the statement and that it was not made in response to questioning. There was no error in the admission of the statement. Guenther v. State, 282 Ala. 620, 213 So.2d 679.

■ The defendant admitted while testifying as a witness that he was driving the automobile when it struck the deceased. The evidence was conflicting as to defendant's being under the influence of intoxicants at the time of the accident. The motion for a new trial was properly overruled.

■ Refused charge number two relates to manslaughter in the first degree. It was rendered abstract by the verdict of manslaughter in the second degree. Echols v. State, 36 Ala.App. 302, 55 So.2d 522.

■ Refused charge number 7 reads: "The law presumes the defendant is inno-

Cervera & Folmar, Troy, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The indictment charged manslaughter in the first degree. Defendant was convicted of the offense of manslaughter in the second degree. Punishment was fixed at six months hard labor for the County.

The evidence is undisputed that an automobile operated by appellant struck and killed Billy Ray Dease, a Troy, Alabama,

cent of the charge against him and this presumption of innocence is evidence in his behalf to be considered by you, and you cannot find him guilty, until, from the evidence, his guilt is established to your reasonable satisfaction and beyond a reasonable doubt."

Guenther v. State, supra, held that this charge is misleading and is properly refused.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.